## ESSEX COMMON PLEAS.

In the matter of the application of FRANK WALASKA, for discharge under the Insolvent Debtors act.

[Decided January 19th, 1925.]

Insolvent Debtors—Debtor Had Transferred Property to Wife in Satisfaction of Debt, Months Before Right of Action in Pending Case Accrued—Denial of Petition for Discharge Asked For Because Notice of Application for Discharge Had Been Served on Counsel at His Office Instead of at His Residence as Provided in the Statute, Because a True List of Creditors Had Not Been Filed, Because Spelling of Name was Incorrect, Because Original Bill of Sale was Not Attached, and Because Petitioner Had Left Prison Limits on Two or More Occasions—Reasons Examined and All Dismissed.

*Mr. Ferdinand D. Masucci,* for the applicant.

*Mr. Arthur C. Mullen,* for Mike Dougelo, judgment creditor.

PORTER, J.

This is an application for discharge by Frank Walaska, under the provisions of the Insolvent Debtors act. It appears that he was arrested upon a *capias ad satisfaciendum* at the suit of Mike Dougelo, who had obtained a judgment against him in the New Jersey supreme court; that he was released upon giving bond as required by statute. Upon the hearing it was shown that the applicant was without funds or property as set forth in his inventory. He is living with his wife and family in Newark, where his wife is conducting a saloon business. The applicant, before his marriage, conducted a saloon in Hoboken. At the time of his marriage, about a year ago, he as greatly in debt. Upon his marriage his wife took over the saloon business, paid debts or assumed them. At that time applicant conveyed to his wife, by bill of sale, his automobile, to satisfy a previously contracted debt between them.

These transactions all took place several months before the right of action of Mike Dougelo against the applicant arose. Later on the petitioner, with his family, removed to Newark.

The petitioner is employed as a laborer in a garage, and claims he has no interest in the saloon business conducted by his wife. The evidence clearly shows that the prisoner is entitled to his discharge under the statute on the merits of the case.

The attorney for the judgment creditors moves for the denial' of the petition on several grounds which will be taken up and passed upon in order.

*First.* Because notice of the application was not served at the residence of the attorney for the plaintiff, in whose suit he was imprisoned as required by section 7 of the statute.

It appears that the attorneys for the said plaintiff were the firm of Armstrong & Mullen, whose offices are at 586 Newark avenue, Jersey City. The seventh section of the act provides that notice shall "be served or left at the usual place of residence of the attorney of the plaintiff," &c.

The act does not say what the service shall be where the plaintiff was represented by a firm of attorneys. In these days some law firms consist of many attorneys, living in various places. It does not seem that the intent of the statute was that each one should be served with notice at their respective residences. The intent of the statute, it seems to me, was that notice of the application be served on the attorney, the place of service not being of vital concern. In the case at bar the notice was served on the firm of attorneys who represented the plaintiff at their law office in Jersey City, and duly acknowledged by them. In *Weeks* v. *Buderus, 39 N. J. Law 448,* creditors who received no notice consisted of a firm of three individuals whose place of business was in New York. It was shown that one of the firm resided in Newark. The debtor thought all of them resided in New York. The court said, "there is nothing to show that his failure to notify the plaintiffs was in bad faith or with sinister purpose."

The discharge was granted.

Furthermore, Mr. Mullen, of said firm, appeared at the

hearing and participated thereon. Assuming that the service of the notice was not in compliance with the statute, and, therefore, void, this defect was cured by this appearance.

*Second.* The application should be denied because a true list of all of his creditors was not filed and notices not given to those not listed. The only creditor listed in the petition is that of Mike Dougelo. It appeared at the hearing, from the testimony of the petitioner, that he owed his brother, Peter Walaska, $50, and his employer, Charles Kasaitis, $25 for money borrowed. It did not appear whether this money was borrowed before or after the petition was filed. It did not appear that failure to list these creditors was intentional or for any fraudulent purpose. Neither of these creditors appeared at the hearing. Failure to list these creditors under the circumstances will not bar a discharge. *Jay* v. *Slack, 4 N. J. Law 78; Berry* v. *Arthur, 13 N. J. Law 308; Hogan* v. *Hutton, 20 N. J. Law 82.*

*Third.* The application should be denied because the spelling of the petitioner's name in the papers is incorrect. It is spelled in the papers Walaska. On the bill of sale of the automobile, aforesaid, it is spelled Walowski. The petitioner spelled or wrote it, at the hearing, Walanski. He was sued by Dougelo as Walaska. The petitioner is a foreigner, and not an educated man. It is doubtful if he knows how to correctly spell his name. However, there is no question of his identity, he is the debtor, and the misspelling of his name is not sufficient reason to bar his discharge. The case of *In re Blanchard, 15 N. J. Law 478,* is cited in support of this motion. That case contains *dictum* that the court erred in refusing a discharge because the petition left off the word "junior" to his name. It may be inferred that there was another of the same name with whom he may have become confused. Such is not the case here, and where there can be no doubt of the identity of the debtor, the reasoning in the *Blanchard Case* does not apply.

*Fourth.* The application should be denied because his sale of the automobile is void, because the original bill of sale was not attached to the bill of sale he gave his wife, and the automobile was not listed in his inventory. The sale of the

automobile was made months before the right of action of Dougelo accrued. Whether the legal title to the automobile passed or not he had no ownership in it which his creditors can attach, and he properly omitted it from his inventory.

*Fifth.* The application should be denied because the petitioner has left the prison limits. It appears from the testimony of the petitioner that he did, on two or three occasions, go to Jersey City and Elizabeth, both places outside of the county of Essex. No evidence was given as to what the prison limits are. The thirty-first section of the statute requires the court to designate the prison limits, and to record with the county clerk a map showing such boundaries.

As a matter of fact, I find that no such map or description of prison limits is on file in the clerk's office. It is probably so many years ago that such a map was filed that it has been mislaid or overlooked.

But, assuming that the jail limits had been properly designated and filed, it does not seem to me that the fact of petitioner having, on these few occasions, departed out of the county, should bar his discharge. He did not do so for the purpose of escape. In *Howard* v. *Blackford, 3 N. J. Law 345,* the court said that the act was made for the benefit of the prisoners, and should be construed liberally in their favor. In that case the debtor had left the prison limits, but the bond was not forfeited.

For the reasons given, the motions to dismiss are denied.

In the case of *Stagg* v. *Austin, 18 N. J. Law 86,* the court summed up the object of the statute in these words:

"The great object designed by the legislature is to secure to the debtor and his creditors a fair hearing upon the merits of the case, and to enable the court to determine whether the former has acted fairly or concealed any part of his property, or made fraudulent conveyances, for these are the general grounds upon which the court has power to refuse his discharge upon hearing."

There has been a substantial compliance with the provisions of the statute in the case at bar, no fraud has been shown, and the petitioner is entitled to his discharge. An order of discharge may be entered.